IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LETTIE GUILLIAM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0015-D |
| | § | |
| WAL-MART PHARMACY, | § | |
| ET AL. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Lettie Guilliam, a resident of Dallas, Texas, against a Wal-Mart pharmacy located in South Dallas and two of its employees. On January 9, 2009, plaintiff tendered a one-page handwritten complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on February 4, 2009 and March 12, 2009.

The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Although her pleadings are difficult to decipher, plaintiff appears to allege that a Wal-Mart pharmacist, "Mr. Austin," refused to fill a prescription for her son's heart medication in February 2008 because plaintiff filed a complaint against the pharmacist a month earlier. (*See* Plf. Compl. at 1; Mag. J. Sec. Interrog. #1(b)). When plaintiff and the pharmacist began to argue, the store manager, "Mr. Chis," called the police and had plaintiff removed from the premises. (*See* Plf. Compl. at 1; Mag. J. Sec. Interrog. #1 & 2). Plaintiff further alleges that after her son died, she was notified by Wal-Mart that the medication he was taking had been recalled. (*See* Plf. Compl. at 1; Mag. J. Sec. Interrog. #3). By this suit, plaintiff seeks $10 million in damages from Wal-Mart and the two store employees.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. See *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to allege a cognizable claim arising under federal law. The closest she comes is by stating that one of the defendants, "Mr. Chris," violated her civil rights. (*See* Mag. J. Sec. Interrog. #2(b)). However, in order to maintain a civil rights action under 42 U.S.C. § 1983,

plaintiff must show that she has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). The defendants in this case are a private corporation and two private citizens. None are "state actors."

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and at least two defendants, "Mr. Austin" and "Mr. Chris," are citizens of Texas. (*See* Plf. Compl. at 1; Mag. J. Sec. Interrog. #1(a) & 2(a)). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The disposition of this case does not preclude plaintiff from suing defendants in Texas state court.

DATED: March 13, 2009.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE